IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| TONY THOMAS, | ) |
|  | ) |
| Petitioner, | ) |
|  | ) |
| v. | ) Case No. 1:25-cv-01082-JDB-jay |
|  | ) |
| WARDEN STEVE UPTON, | ) |
|  | ) |
| Respondent. | ) |

ORDER DIRECTING CLERK TO MODIFY DOCKET
AND
DIRECTING RESPONDENT TO FILE STATE COURT RECORD AND
RESPONSE TO PETITION

The Petitioner, Tony Thomas, Tennessee Department of Correction prisoner number 105001, an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee, has filed a pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus by the person in state custody (the "Petition").[1]  (Docket Entry ("D.E.") 2.)  Petitioner has paid the $5.00 habeas filing fee.  (D.E. 7.)  The Petition is before the Court on preliminary review.  *See* Rul 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").

It is ORDERED, pursuant to Habeas Rule 4 that Respondent file a response/answer to the Petition within twenty-eight days.  The answer shall include the complete state-court record,

---

[1]The Clerk is DIRECTED to record the Respondent as Warden Demetric Godfrey and to terminate Steve Upton as a party to this action.  *See* Fed. R. Civ. P. 25(d); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held").

organized and appropriately indexed, as required by Administrative Order 16-31.[2]  *See* 28 U.S.C. § 2254(b)(1).  For each claim, the answer shall, at a minimum, address the timeliness of the Petition, state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses.  Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses.  Where a merits analysis is appropriate, the answer shall:  (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the petitioner's argument that he is entitled to habeas relief on the claim with appropriately reasoned legal and factual argument.

Pursuant to Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight days of service.  Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his reply.  The Court will address the merits of the Petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

It is ORDERED that the Clerk shall send a copy of the Petition (D.E. 2) and this order to the Respondent and the Tennessee Attorney General and Reporter by certified mail.  *See* Habeas Rule 4.

---

[2] The party filing a document has the burden of ensuring the proper protection of sensitive information and taking measures to seal such information where appropriate.  *See* Electronic Case Filing Attorney User Manual for the United States District Court, Western District of Tennessee, Section I.A.13; *see also* Electronic Case Filing Policies and Procedures Manual for the United States District Court Western District of Tennessee, Section 8 Sealed Documents, https://www.tnwd.uscourts.gov/sites/tnwd/files/LocalRules.pdf (last accessed July 31, 2025).

It is ORDERED that the Clerk shall mail the parties the form for Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (AO 85).

IT IS SO ORDERED this 1st day of August 2025.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE